IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Franklin, ) | |
| ) | CIVIL ACTION NO. 9:12-0477-JFA-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Robert Ward, Director; Levern Cohen, ) | |
| Warden; Anthony Burton, A/W; Shirley ) | |
| Sinleton, A/W; Gary Eicholburger, Major; ) | |
| Valerie Jackson, Captain; E. Montough, ) | |
| Grievance Coordinator, Doctor Moore, ) | |
| Medical Director; and Ms. Alexander, ) | |
| Classification Case Worker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate with the South Carolina Department of Corrections (SCDC),[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P., on June 7, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 11, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately,

---

[1] Plaintiff is in the process of being released from incarceration, although it is not clear from the filings with this Court exactly where he is in that process. See Court Docket Nos. 26 [Change of Address Notice], 27 and 30.



the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on June 19, 2012.

Defendants' motion is now before the Court for disposition.[2]

**Allegations of the Complaint**

Plaintiff alleges in his Verified Complaint[3] that on December 23, 2011 the Defendant Jackson together with an "OFC Washington" was escorting him to a holding cell. Plaintiff alleges that when he arrived in the holding cell, Jackson told him to take off his jacket and hand it to her, and that when he did along with his ID, Jackson "gas[sed] me in the face . . . ." Plaintiff alleges by that time "Sgt. Lane" had joined Jackson and Washington, and that he was ordered by Jackson to lay down on the floor, following which Sgt. Lane handcuffed his arms behind his back. Plaintiff alleges he was then placed in the holding cell with the restraints on for up to two hours, with the gas burning his face. Plaintiff alleges that he was not allowed to received medical attention until after the gas had stopped burning.

Plaintiff further alleges that he was left in the holding cell from December 23, 2011 through December 27, 2011 without anyone ever checking his "med class screen", even though he was supposed to be taking medication for a pinched nerve in his neck and back. Plaintiff also alleges that he is receiving treatment from "mental health". Plaintiff alleges he was made to sleep on the

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

2



floor without a mattress, was fed cold bag lunches even though he is on a special diet for his condition, and that he was not allowed to take a shower or clean himself.

Plaintiff alleges that on December 27, 2011, the Warden placed him on SMU lockup, all as a result of the actions of the Defendants Warden Cohen, Associate Warden Burton, Major Eicholburger, Associate Warden Sinleton, Grievance Coordinator Montouth, and Classification Worker Alexander. Plaintiff alleges that all of these staff members failed to provide him with the proper policy and procedure, and that even though he has written numerous requests and grievances, "no one was willing to correct [ ] this problem." Plaintiff also alleges that he complained to the Defendant Ward, Director of the SCDC, who "did . . . nothing".

Plaintiff alleges that all he was fed in the SMU was cold bagged lunches, and that he tried "unsuccessfully" to get the Defendant Dr. Moore to put him back on the "Neurontin" medication that he was supposed to be on (which had been prescribed by "Dr. Hamlin"), but that Dr. Moore told the prison staff to take Plaintiff off of the medication. Plaintiff alleges he tried to get "Nurse Davis", Dr. Hamlin (who is apparently now deceased), and "Dr. Byrne" to put him back on his medication, but that even though his "neurologist doctor" told him he should be back on his medication, he was not placed back on his medication and Plaintiff is "suffering" and needs help. Plaintiff alleges he filed a grievance with medical, which was being "holded".

Finally, Plaintiff alleges that the Defendants have lost some of his property, to include various items of clothing, hygiene items, books, a lamp, and a headset. Plaintiff seeks monetary damages as well as a transfer. See generally, Verified Complaint.

## Discussion

Defendants assert in their Rule 12 motion that this case should be dismissed for failure


floor without a mattress, was fed cold bag lunches even though he is on a special diet for his condition, and that he was not allowed to take a shower or clean himself.

Plaintiff alleges that on December 27, 2011, the Warden placed him on SMU lockup, all as a result of the actions of the Defendants Warden Cohen, Associate Warden Burton, Major Eicholburger, Associate Warden Sinleton, Grievance Coordinator Montouth, and Classification Worker Alexander. Plaintiff alleges that all of these staff members failed to provide him with the proper policy and procedure, and that even though he has written numerous requests and grievances, "no one was willing to correct [ ] this problem." Plaintiff also alleges that he complained to the Defendant Ward, Director of the SCDC, who "did . . . nothing".

Plaintiff alleges that all he was fed in the SMU was cold bagged lunches, and that he tried "unsuccessfully" to get the Defendant Dr. Moore to put him back on the "Neurontin" medication that he was supposed to be on (which had been prescribed by "Dr. Hamlin"), but that Dr. Moore told the prison staff to take Plaintiff off of the medication. Plaintiff alleges he tried to get "Nurse Davis", Dr. Hamlin (who is apparently now deceased), and "Dr. Byrne" to put him back on his medication, but that even though his "neurologist doctor" told him he should be back on his medication, he was not placed back on his medication and Plaintiff is "suffering" and needs help. Plaintiff alleges he filed a grievance with medical, which was being "holded".

Finally, Plaintiff alleges that the Defendants have lost some of his property, to include various items of clothing, hygiene items, books, a lamp, and a headset. Plaintiff seeks monetary damages as well as a transfer. See generally, Verified Complaint.

## Discussion

Defendants assert in their Rule 12 motion that this case should be dismissed for failure



of the Plaintiff to exhaust his administrative remedies, and also argue that several of Plaintiff's claims do not rise to the level of an Eighth Amendment constitutional claim. When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

**Exhaustion**

With respect to exhaustion of remedies, 42 U.S.C. § 1997e(a) provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001)



(unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted copies of numerous Step 1 Grievance forms filed by Plaintiff at the prison.[4] Defendants argue that these grievances show that Plaintiff failed to exhaust his administrative remedies by failing to properly appeal any of his grievances.[5]

Defendants first argue that Plaintiff's complaints about being gassed, handcuffed and put in lockup without being provided medical attention; that he was provided with no mattress, given only cold bag lunches, and was not allowed to shower for four days while in lockup from December

---

[4] Plaintiff alleges in his Complaint that he filed a grievance concerning the claims raised in his Complaint, but that his grievance had been "holded". See Verified Complaint, pp. 2, 4. Although Plaintiff did not attach copies of any grievances to his Complaint, this Court may consider the grievance forms submitted by the Defendants in ruling on this motion to dismiss without converting this motion to a Rule 56 motion for summary judgment. Cf. Jackson v. Baddick, D.O., No. 02-6779, 2004 WL 1737635, at * 1, n. 2 (E.D.Pa. Aug. 2, 2004); McCollum v. California, No. 04-3339, 2007 WL 4390616, at * 3 (N.D.Ca. Dec. 13, 2007). See also Roseboro Order [Noting that with respect to a Rule 12 motion to dismiss, the Court can consider documents that the Complaint incorporates by reference or matters of which the Court may take judicial notice].

[5] This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



23 to December 27; and that he was not provided with proper hygiene materials, were all raised by the Plaintiff in Grievance Nos. RCI-0028-12, RCI-0088-12, RCI-0085-12, and RCI-0090-12, and that Plaintiff checked the box indicating that he accepted the Warden's decision with respect to each of these grievances, considered the matter closed, and did not thereafter appeal. Defendants argue that Plaintiff's acceptance of the actions taken in response to these grievances precludes him from pursuing a lawsuit on these claims in this Court. However, the purpose of the grievance process is for a prisoner to attempt to obtain relief on his claims at the Institution level. An inmate cannot seek monetary damages through the grievance process. Rosa v. Littles, 336 Fed. Appx. 424, 427 (5th Cir. 2009)[Noting that the administrative grievance process does not permit money damages]. Hence, even assuming a prisoner is able to successfully resolve his complaint to his satisfaction at the administrative level, that does not necessarily preclude the inmate from pursuing monetary damages in federal court for what he alleges occurred. Further, for purposes of exhaustion, there is no requirement that "an inmate must file a Step - two grievance where his Step - one grievance was resolved in his favor", and Plaintiff has obtained all of the relief he could obtain at Step 1. Rosa, 336 Fed. Appx. at 429; Thornton v. Snyder, 428 F.3d 690, 695-696 (7th Cir. 2005); Brown v. Valoff, 422 F.3d 926, 935-936 (9th Cir. 2005); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004). Therefore, the Defendants are not correct that Plaintiff automatically failed to exhaust his administrative remedies by failing to pursue a Step 2 appeal on a grievance where he received his requested relief at the Step 1 level. Rather, the question is whether Plaintiff accepted and failed to appeal a decision where he did *not* receive the relief he requested.

Reviewing the four grievances at issue, Plaintiff asserted in RCI-0088-12 that he was not being allowed to shower but once a week, and he wanted to be able to shower every day as well



as receive certain other "privileges" while in the SMU. This grievance was denied by the Warden, with the decision stating that, depending upon the perceived threat to the Institution, the Warden has the authority to curtail activities and privileges. This was obviously not the relief Plaintiff requested, and he could have appealed this decision. However, he accepted the Warden's decision and did not file an appeal. Therefore, Plaintiff did not exhaust his administrative remedies with respect to this claim, and he may not therefore pursue this claim in this federal lawsuit.

With respect to grievance No. RCI-0028-12 (wherein Plaintiff complains of having no mattress, proper hygiene, medical care, and cold boxed lunches during the period of time he was in the holding cell), that claim essentially became moot when Plaintiff was transferred to the SMU. However, transfer out of the alleged offending conditions of confinement does not negate the requirement of exhaustion of remedies. Cox v. Grayer, No. 08-1622, 2010 WL 1286837, at * 7 (N.D.Ga. March 29, 2010)["[T]here is no futility exception to [the] exhaustion requirement"]; Booth v. Churner, 532 US 731, 735 (2001)[exhaustion still required where claims for injunctive orders are mooted by transfer]. Since Plaintiff accepted the Warden's decision and did not appeal the denial of his requested relief, Plaintiff may not now pursue his conditions of confinement claims relating to his holding cell in this lawsuit.

With respect to grievance Nos. RCI-0085-12 (wherein Plaintiff complains about cold and otherwise improper food in the SMU causing him chest pains), and RCI-0090-12 (wherein Plaintiff complains about not receiving proper hygiene materials in the SMU), Plaintiff received the relief he was requesting in these grievances. Plaintiff's acceptance of the Warden's decision with respect to these claims does not bar a claim for damages on these issues in this Court if these complained of conditions (during the period of time Plaintiff was subjected to them) resulted in an

7



injury or injuries susceptible to monetary relief. Rosa, 336 F.Appx. at 429 [Finding that where monetary damages could not be obtained through the grievance process, inmate properly exhausted his administrative remedies where he otherwise obtained a favorable result at Step 1 of the grievance process]. Therefore, these claims are exhausted for purposes of this lawsuit, and the Defendants are not entitled to dismissal of these claims on the ground of failure to exhaust.

With respect to Plaintiff's claim concerning Dr. Moore and being taken off of his medication, that issue was raised by the Plaintiff in Grievance No. RCI-0031-12, while Plaintiff's claim concerning his lost property was raised by Plaintiff in Grievance No. RCI-0125-12. Defendants argue in their motion that these two grievances were either denied and appealed in a Step 2 grievance or returned unprocessed,[6] but were not thereafter appealed to the administrative law court and were therefore not fully exhausted. However, Plaintiff was not required to appeal a denial of a Step 2 grievance to the Administrative Law Court in order to exhaust his administrative remedies for purposes of this lawsuit, as conditions of confinement claims, such as are being asserted here, do not require exhaustion past the Step 2 institutional level. See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n. 5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) [recognizing that completion of Step 2 grievance exhausts administrative remedies and that § 1997(a) does not require inmates to further appeal to Administrative Law Court.]; Ayre v. Currie, No. 05-

---

[6]Since the Defendants have only provided copies of the Step 1 grievances for theses claims to the Court for review, it is unknown which (if either) of these two grievances were appealed and denied, or were returned unprocessed at Step 2 of the grievance process. See Anderson, 407 F.3d at 683 [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant].



3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007). Therefore, Defendants argument that Plaintiff failed to exhaust these two grievances by not appealing to the Administrative Law Court is without merit, and the Defendants are not entitled to dismissal of these claims on the ground of failure to exhaust.

### **Failure to State a Claim**

Defendants also argue that Plaintiff has failed to state a viable constitutional claim with respect to some of his allegations. Defendants specifically reference Plaintiff's claims relating to failure to follow "policy or procedure", the cold bag lunches he received in the SMU, his complaints about Dr. Moore, and his complaints that staff had lost some of his property.

Plaintiff's claims with respect to the "policy and procedure" allegation were not raised in any of the grievances provided to the Court; therefore, it does not appear that Plaintiff exhausted that claim. In any event, even if exhausted, any such claim would be without merit. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]). Therefore, Plaintiff's claim that his constitutional rights were violated by the Defendants' failure to follow their own polices and procedures should be dismissed.

9



With respect to the food Plaintiff was receiving in the SMU, that claim was part of RCI-0085-12, and is deemed exhausted for purposes of Defendants' motion to dismiss. Defendants argue that Plaintiff has failed to state a valid claim concerning the adequacy of his food or nutrition with respect to this particular allegation, and the undersigned agrees. In order to survive the Defendants' motion to dismiss, Plaintiff must allege sufficient facts to state the elements of the claim asserted. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Iqbal, 129 S.Ct. at 1949 [Plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"]. In order to state a valid food service claim, Plaintiff must have alleged facts sufficient to state a plausible claim that he was provided food that was not nutritionally adequate that resulted (or could result in) harm to him, of which the Defendants knew and took no preventative action. Bailey v. Kitchen, No. 08-141, 2009 WL 102534, at * 3 (D.S.C. Jan. 12, 2009)["Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents"]; Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009)[For diet claim, prisoner must show Defendant was deliberately indifferent to an objectively serious risk of harm and that the Defendants knew about it and could have prevented it but did not]; Tafari v. Weinstock, No. 07-693, 2010 WL 3420424 at * 7 (W.D.N.Y. Aug. 27, 2010)["[T]o establish a valid claim that the denial of food (or the denial of a medically proscribed diet) constitutes [a constitutional] violation, one must establish that there was a 'sufficiently serious condition' that resulted from the food not being received."].

Here, all Plaintiff alleges in his Complaint is that when he was placed in the SMU he received only cold bag lunches. No further allegations are asserted with respect to this claim, and this allegation alone is not sufficient to state a plausible constitutional claim for relief. Biesanz v.



Ferguson, No. 10-5017, 2012 WL 601585 at * 9 (W.D.Ark. Jan 19, 2012) [serving of cold food does not violate the Constitution], adopted by 2012 WL 601590 (W.D.Ark. Feb. 23, 2012); Johnson v. Hagan, No. 07-0908, 2007 WL 1447864 at * 3 (D.S.C. May 14, 2007) (citing Prophete v. Gilless, 869 F. Supp. 537, 538 (W.D.Tn. 1994) [cold food does not constitute the deprivation of a necessity of life]); House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Therefore, the Defendants are entitled to dismissal of this claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Frey v. City of Herculaneum, 44 F.3d at 671 ["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

With respect to Plaintiff's complaint about Dr. Moore and not receiving Neurontin, Plaintiff alleges that the Defendant Medical Director, Dr. Moore, took him off of Neurontin and refused to put him back on it even though another physician (Dr. Byrne) as well as the "neurologist doctor" had told him he should be on. Plaintiff alleges that Dr. Moore's refusal to put him back on this drug has caused him to suffer severe medical consequences, although these consequences are largely unspecified. Defendants argue that these allegations are not sufficient to state a claim, citing to McCoy v. Lewis, 2010 WL 3169431, at * 4 (D.S.C. 2010). However, McCoy was decided on a



motion for summary judgment, not on a motion to dismiss. All Plaintiff needs to state a viable medical claim are factual allegations sufficient to state a "plausible claim" that a named Defendant is being deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 834-835 (1994). Here, Plaintiff alleges that he suffers from a mental impairment for which other physicians have told him he needs Neurontin, but that Dr. Moore is refusing to provide him with this medication thereby causing Plaintiff unnecessary suffering. In light of the liberal construction to be given Plaintiff's claims, these allegations state a claim for denial of adequate medical care for a serious condition sufficient to defeat a Rule 12 motion to dismiss. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Austen v. Catterion Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010)[Plaintiff only required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible]; see also Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152



(4th Cir. 1988).[7]

Finally, with respect to Plaintiff's claim concerning loss of property, Plaintiff only alleges that unspecified "staff" (assumed to be the named Defendants) lost some of his property. The undersigned agrees with Defendants that this allegation fails to state a constitutional claim. Plaintiff has available state court remedies to pursue this claim; See S.C.Code Ann. § 15-69-10, et. seq.; and because South Carolina has an adequate post-deprivation remedy for an alleged deprivation of property, Plaintiff's due process rights were not violated, even if it is assumed a correctional officer lost or mishandled his personal property. Hudson v. Palmer, 468 U.S. 517-518 (1984); McIntyre v. Portee, 784 F.2d 566-567 (4th Cir. 1986); see also Ricci v. Paolino, No. 91-1994, 1992 WL 63521 at **2 - **3 (1st Cir. April 1992); cf. Longmoor v. Nilsen, 329 F.Supp. 2d 289, 2004 WL 1660374 (D.Conn. July 23, 2004). Therefore, this claim should be dismissed. See Lawrence v. Swanson Inmate Commissary Services, No. 97-6429, 1998 WL 322671 (4th Cir. June 4, 1998) [deprivation claims as a result of negligence fail to set forth a claim of constitutional magnitude]; cf. Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 331 (1986); Dickson, 309 F.3d at 213 [Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Iqbal,

---

[7] The undersigned takes judicial notice that Plaintiff claimed in a previous pro se lawsuit that he had been improperly denied Neurontin. See Franklin v. Bearden, Civil Action No. 9:08-3744; see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. However, that case involved medical care Plaintiff was receiving at the Tyger River Correctional Institution back in 2008. Plaintiff's current claim is from 2011 at a different institution, and giving Plaintiff's allegations the liberal construction to which he is entitled, Plaintiff's assertion appears to be that he was placed back on Neurontin (per directions from two physicians), but that Dr. Moore (a different physician than was involved in his other lawsuit) refused to comply with the directives of those two physicians to provide him with this medication. Therefore, the decision in Plaintiff's previous case, in which the defendants were granted summary judgment, does not preclude Plaintiff's current claim.



129 S.Ct. at 1949 [Plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"].

## Conclusion

Based on the forgoing, it is recommended that the Defendants' motion be **granted**, in part, and **denied** in part. Plaintiff's allegations pertaining to the conditions of his confinement during the 3-4 days he was in a holding cell, the food he received while in the SMU, the shower restriction he was under in the SMU, any claim relating to violations of prison "policies and procedures", and claims relating to any lost property, should all be **dismissed**. In all other respects, the Defendants' motion should be **denied** for the reasons stated.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 11, 2012
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

