UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Steve Franklin, | ) | C/A No. 9:12-477-JFA-BM |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Robert Ward; Director; Levern Cohen, Warden; Anthony Burton, A/W; Shirley Singleton, A/W; Gary Eicholburger, Major; Valerie Jackson, Captain; E. Montouth, Grievance Coordinator; Doctor Moore, Medical Director; Ms. Alexander, Classification Case Worker, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Steve Franklin, a state prisoner proceeding without assistance of counsel, brings this action pursuant to 42 U.S.C. § 1983. He claims a variety of violations of his constitutional rights by the named defendants. He sees money damages and a transfer. It appears from the complaint that the alleged actions took place while the plaintiff was incarcerated at the Ridgeland Correctional Institution in South Carolina.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendants' motion to dismiss[2] should be denied in part.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on September 11, 2012. However, neither party filed objections to the Report and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The plaintiff contends that he was not allowed to receive medical attention after an incident where he was allegedly gassed by correctional officers. He also contends that he was left in the holding cell for a number of days without medical attention; was not given a mattress; was not allowed to showed for four days while in lockup; was given only cold bag lunches; was not provided with proper hygiene materials; and that the defendants lost some of his personal property.

In their motion to dismiss, the defendants argue that the plaintiff has failed to exhaust his administrative remedies and therefore, the complaint should be dismissed. The defendants also argue that several of plaintiff's claims do not rise to the level of an Eighth Amendment constitutional claim. As the Magistrate Judge correctly points out in his Report with regard to a Rule 12 motion to dismiss, the court is required to accept the plaintiff's allegations in the pleading as true, and draw all reasonable factual inferences in favor of the

---

motion for summary judgment. Plaintiff responded to the motion.

plaintiff.

In the Report, the Magistrate Judge carefully reviewed the plaintiff's Step 1 grievance forms filed by the defendants in support of their motion to dismiss. The Magistrate Judge opines that the defendants have not met their burden of showing that plaintiff failed to exhaust his remedies on the claims regarding the cold food, lack of proper hygiene materials, failure to prescribe medication, and lost property. The court agrees, and finds that the defendants are not entitled to dismissal of these claims on the ground of failure to exhaust. With regard to the claims involving lack of shower privileges, and conditions of his confinement while in the holding cell, these claims have not been exhausted and are dismissed.

The Magistrate Judge further opines that the plaintiff's allegations relating to failure to follow policy or procedure and cold bag lunches are without merit and that the plaintiff has failed to state a valid claim concerning the adequacy of his food or nutrition. This court agrees that the plaintiff's claim is not sufficient to state a plausible constitutional claim for relief, and defendants are entitled to dismissal of this claim.

Plaintiff's claim concerning loss of property is also without merit. The Magistrate Judge is correct in noting that the plaintiff has available state court remedies to pursue this claim. This claim is dismissed.

The plaintiff's allegations with regard to "policy and procedure" were not raised in any of the grievances provided to the court, and the court agrees with the Magistrate Judge that this claim is unexhausted and further, without merit.

Finally, plaintiff's claim that he has not received proper medication from defendant Dr. Moore is a plausible claim that the defendant was deliberately indifferent to the plaintiff's serious medical needs. The court accepts the Magistrate Judge's recommendation that the defendant's motion to dismiss be denied on this claim.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the defendants' motion to dismiss (ECF No. 21) is granted on all claims except for the plaintiff's claim that Dr. Moore has refused to place the defendant on medication.

The Clerk is directed to return this file back to the Magistrate Judge for further handling of the remaining claim.

IT IS SO ORDERED.

November 13, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge